IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PATRICIA G. GUTHRIE,

      Plaintiff,

v.

WELLS FARGO HOME MORTGAGE
NA et al.,

      Defendants.

CIVIL ACTION NO.
1:13-CV-4226-RWS-LTW

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

This case is presently before the Court on various motions filed by the parties. (Docs. 5, 7, 9-12, 15, 16, 25, 31, 34, 37, 41, 44, 45, 50, 51, 52, 54, 56, 62). For the reasons outlined below, the parties' Motions are adjudicated as follows:

(1)    This Court **RECOMMENDS** that Defendant McCalla Raymer, LLC's ("McCalla Raymer") Motion to Dismiss be **GRANTED**. (Doc. 5).

(2)    This Court **RECOMMENDS** that Wells Fargo Home Mortgage's ("Wells Fargo") Rule 12 Motion to Dismiss or in the Alternative for a More Definite Statement be **GRANTED**. (Doc. 7).

(3)    McCalla Raymer's Motion to Stay Discovery and Pretrial Deadlines is **GRANTED**. (Doc. 9).

(4)    This Court **RECOMMENDS** that Plaintiff Patricia G. Guthrie's ("Plaintiff") Motion for Reconsideration of Removal from State Court and Standing Order 08-

01 be **DENIED**.  (Doc. 10).

(5)    This Court **RECOMMENDS** that Plaintiff's Motion for Reconsideration on Order to Deny Cause Hearing for Plaintiff's Motion for Injunction be **DENIED**. (Doc. 11).

(6)    Plaintiff's Motion for Leave to File Amended Complaint and Answer is **DENIED**.  (Doc. 12).

(7)    Plaintiff's Motion for Permission for Electronic Case Filing is **DENIED**.  (Doc. 15).

(8)    Plaintiff's Motion to Consolidate Related Cases is **DENIED**.  (Doc. 16).

(9)    This Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment in Opposition to Defendant McCalla Raymer, LLC's Memorandum of Law in Support of Its Motion to Dismiss be **DENIED**.  (Doc. 25).

(10)   McCalla Raymer and Wells Fargo's Motions to Strike Plaintiff's Third Amended Complaint are **GRANTED**.  (Docs. 31, 34).

(11)   Well's Fargo's Motion to Strike Plaintiff's Answer to Defendant Wells Fargo's Reply in Support of Its Rule 12 Motion to Dismiss or in the Alternative for a More Definite Statement is **GRANTED**.  (Doc. 37).

(12)   This Court **RECOMMENDS** that Plaintiff's Renewed Motion for Emergency Injunction be **DENIED**.  (Doc. 41).  Plaintiff's Renewed Motion for Permission for Electronic Case Filing and Motion for Permission to File Supplemental Pleadings are **DENIED**.  (Doc. 41).

2

(13)    This Court **RECOMMENDS** that Plaintiff's Notice of Motion and Motion to Vacate Judgment in a Dispossessory Action and Deed Under Power Sale be **DENIED**.  (Doc. 44).

(14)    Plaintiff's Motion for Sanctions is **DENIED**.  (Doc. 45).

(15)    Plaintiff's Motion to Strike the Declaration of Michael Dolan is **DENIED**.  (Doc. 50).

(16)    Plaintiff's Motion to Strike Defendant Wells Fargo's Rule 12 Motion to Dismiss or in the Alternative for a More Definite Statement and Motion to Strike any Alleged Added Motion for a More Definite Statement Dated and/or Entered on December 30, 2013, is **DENIED**.  (Doc. 51).

(17)    Plaintiff's Motion to File Supplemental Pleadings is **DENIED**.  (Doc. 52).

(18)    This Court **RECOMMENDS** that Wells Fargo's Motion for Protective Order, in which McCalla Raymer joins, be **GRANTED**.  (Doc. 54).

(19)    Plaintiff's Motion to Correct Clerical Mistakes is **GRANTED**.  (Doc. 56).

(20)    Plaintiff's Motion to Amend Cause of Action and Attach Supplemental Pleadings is **DENIED**.  (Doc. 62).

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF REMOVAL FROM STATE COURT AND STANDING ORDER 08-01

### I.    BACKGROUND

Plaintiff Patricia Guthrie (hereinafter "Plaintiff") filed the instant lawsuit in the Superior Court of Fulton County on November 4, 2013, against Defendants Wells Fargo

AO 72A
(Rev.8/82)

Home Mortgage, N. A. ("Wells Fargo") and McCalla Raymer, LLC ("McCalla Raymer") for claims arising out of foreclosure or attempted foreclosure on Plaintiff's property on Lenox Road in Atlanta, Georgia. (Compl., p. 2, 11).  Plaintiff subsequently amended her Complaint twice while it was pending in the Superior Court of Fulton County.  Plaintiff's Second Amended Complaint, which is the operative Complaint in this case,[1] asserted that Defendants violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1592 et seq. ("the

---

[1] In this case, although Plaintiff has attempted to file additional amendments to her Complaint while her case has been pending in this Court, the operative Complaint in this case is the Second Amended Complaint.  Under Georgia law, Plaintiff was permitted to amend her Complaint as a matter of right while it was pending in state court until the entry of a pretrial order.  O.C.G.A. § 9-11-15; Jackson v. Paces Ferry Dodge, 183 Ga. App. 502, 503 (1987).  No pretrial order was entered while the case was pending in state court, so the Second Amended Complaint was permitted to be filed.  Under the Federal Rules of Civil Procedure, Plaintiff could amend her Complaint one time as a matter of right and for purposes of determining whether she has already amended her Complaint as a matter of right, amendments in state court are taken into account.  Salery v. United States, 373 F. App'x 29, 30 n.1 (11th Cir. 2010) ("As a general rule, when a case is removed to federal court under original jurisdiction the federal court treats everything done in the state court as if it had in fact been done in the federal court."); Lee v. Wells Fargo Bank, N.A., No. H-11-1334, 2012 WL 6132510, at *1 (S.D. Tex. 2012); Wright v. Chase Home Fin., No. CV-11-0095-PHX-FJM, 2011 WL 2173906, at *3 (D. Ariz. June 2, 2011) ("Since plaintiff already amended her complaint once as a matter of right in state court she must seek leave to amend."); Manzano v. Metlife Bank N.A., No. 2:11-651 WBS DAD, 2011 WL 2080249, at *2-3 (E.D. Cal. May 25, 2011); Cwiak v. City of Phoenix, No. CV 09-1858-PHX-MHM, 2010 WL 1742531, at *2 (D. Ariz. Apr. 29, 2010); Fed. R. Civ. P. 81.  Because Plaintiff already amended her Complaint as a matter of right while the case was pending in the Superior Court of Fulton County, she may not amend her complaint as a matter of right while it is pending in this Court.  Thus, Plaintiff was required to seek leave before filing subsequent amendments to her Complaint and thus, the attempted amendments to her Complaint subsequent to her Second Amended Complaint have no effect.

FDCPA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA").  (Second Am. Compl. ¶¶ 24, 26-28, 33-37, 66-68).  Plaintiff also asserts various state law claims.  Defendants removed the matter to this Court on December 20, 2013, on the grounds that Plaintiff's Complaint raised federal questions.

In Plaintiff's Motion for Reconsideration of Removal from State Court and Standing Order 08-01 (Doc. 10), Plaintiff objects to the removal of her lawsuit to federal court on the grounds that Wells Fargo has already elected to file a dispossessory action in state court and this case involves the same issues and transactions as the dispossessory action.   Plaintiff further argues that the case should not be referred to a Magistrate Judge while it is pending in this Court pursuant to Standing Order 08-01 because doing so "create[s] additional stress and undue burden with regard to legal preparation on Pro Se Defendant, who is already overwhelmed by the [Dispossessory] action . . . filed by the Defendant in the Magistrate Court of Fulton County."  (Pl.'s Motion for Reconsideration of Removal, p. 3).

## II.   **LEGAL ANALYSIS**

### A.   **This Court has Removal Jurisdiction**

Plaintiff appears to contend that her Complaint should be remanded on the grounds that at the time of removal, Wells Fargo had filed a dispossessory action in state court which implicated some of the same issues and transactions present in this case. Because Plaintiff has brought causes of action pursuant to TILA, the FDCPA, and RESPA, Plaintiff's Complaint raises federal questions, and this Court has jurisdiction.

Title twenty-eight, section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted).  In this case, Plaintiff pleads federal claims pursuant to TILA, RESPA, and the FDCPA. (See Second Am. Compl. ¶¶ 24, 26-28, 33-37, 66-68).   Because Plaintiff has pleaded these federal claims, removal jurisdiction exists and remand is not warranted.  In re City of Mobile, 75 F.3d 605, 607 (11th Cir. 1996) (explaining that it is improper to remand federal claims pursuant to 18 U.S.C. §

1367 even if state issues substantially predominate over the federal issues); see also Poche v. Texas Air Corps, Inc., 549 F.3d 999, 1005 (5th Cir. 2008), citing Laurents v. Arcadian Corp., No. 94-41183, 1995 WL 625394, 69 F.3d 535 (5th Cir. Oct. 4, 1995) (holding that although the district court had discretion to remand state law claims that were removed along with one or more federal question claims, it could not remand federal question claims absent a defect in the removal procedure).

Additionally, Plaintiff presents no authority for the proposition that Defendants should not be able to remove an action against her simply because one Defendant is maintaining a separate action against Plaintiff in state court, and this Court has not located any authority on Plaintiff's behalf.   Plaintiff could be arguing that the doctrine of abstention requires remand of her case.  The closest abstention doctrine based on the facts and circumstances of this case is the Colorado River abstention doctrine.  That doctrine authorizes a federal district court to dismiss or stay an action where there is an ongoing parallel action in state court.  Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976); Moorer v. Demopolis Waterworks and Sewer Bd., 374 F.3d 994, 997 (11th Cir. 2004).  Colorado River analysis is applicable as a threshold matter when federal and state proceedings involve substantially the same parties and substantially the same issues.  Ambrosia Coal & Constr. Co. v. Pages Morales, 368 F.3d 1320, 1330-31 (11th Cir. 2004).  If there is any substantial doubt about whether two cases are parallel, the court should not abstain.  Acosta v. James A. Gustino, P.A., 478 F. App'x 620, 621 (11th Cir. 2012).  Plaintiff fails to demonstrate that the dispossessory

7

action against her involves substantially the same issues as the present litigation.  See, e.g., Acosta, 478 F. App'x at 621 (reversing district court's remand of action which included FDCPA and Florida Consumer Collection Practices Act claim because action did not involve substantially the same issues as state court foreclosure action).  Indeed, it is not a foregone conclusion that the dispossessory action would raise the same issues as those raised in this case.  Dispossessory proceedings concern the issue of possession of property only and do not concern title to land; thus, the former owner of a property cannot defend a dispossessory action by arguing that the landowner seeking possession does not have proper title to the property.  Roberts v. Collins, 199 Ga. App. 614, 614 (1991); Ranger v. First Family Mortg. Corp. of Fla., 176 Ga. App. 715, 715 (1985) (attack on mortgage company's title to property on grounds that debtor was not given proper notice of foreclosure sale was not permissible defense in a proceeding for possession under dispossessory statutes by mortgage company which purchased property at foreclosure sale).  Thus, it is likely that the dispossessory action is not parallel to this suit which raises claims for wrongful foreclosure and violations of TILA, RESPA, and the FDCPA.  Moreover, the dispossessory action against Plaintiff appears to have concluded.  (See Docket Entries 44, 47).  Accordingly, Plaintiff's request for remand to the Superior Court of Fulton County should be **DENIED**.  (Doc. 10).

### B.      The Case was Properly Referred to the Undersigned Magistrate Judge

Plaintiff further argues that the case should not be referred to a Magistrate Judge pursuant to Standing Order 08-01 because doing so "create[s] additional stress and

8

undue burden with regard to legal preparation on Pro Se Defendant, who is already overwhelmed by the [Dispossessory] action . . . filed by the Defendant in the Magistrate Court of Fulton County."  (Pl.'s Motion for Reconsideration of Removal, p. 3). In accordance with the provisions of 28 U.S.C. § 636(b)(1), the District Court refers certain pre-trial matters to the Magistrate Judge.  Under 28 U.S.C. §§ 636(b)(1)(A) & (B), district courts clearly have the authority to designate a magistrate judge to hear pretrial matters and, depending on the nature of the matter, to issue either a determination or proposed findings of fact accompanied by a recommendation for disposition.  See also Fed. R. Civ. P. 72 (authorizing magistrate judges to decide nondispositive pretrial matters and to enter recommendations for the disposition of dispositive matters).  The Court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge.   28 U.S.C. § 636(c)(4). This Court is not persuaded that extraordinary circumstances or even good cause exists here.  Although Plaintiff argues that having the case be referred to a Magistrate Judge is burdensome to her because she is involved in state court litigation as well, Plaintiff would be involved in state court litigation whether the case is referred to a Magistrate or a District Judge.  Plaintiff faces no greater burden that other litigants before this Court whose cases are referred to a magistrate judge. Additionally, as discussed above, it appears that Plaintiff's state court litigation has concluded. (See Docket Entries 44, 47).  Accordingly, this Court **RECOMMENDS** that Plaintiff's request to remove the referral to the undersigned magistrate judge be

AO 72A
(Rev.8/82)

**DENIED**.  (Doc. 10).

## <u>DEFENDANTS WELLS FARGO AND MCCALLA RAYMER'S<br>MOTIONS TO DISMISS</u>

Plaintiff filed her lawsuit in the Superior Court of Fulton County on November 4, 2013.  Plaintiff's initial Complaint was disorganized and inadequately pled because the causes of action were not pled in separate counts, the Complaint was mostly comprised of legal conclusions, and the Complaint omitted to include specific factual allegations in support of the causes of action making it  difficult to ascertain the factual basis supporting the cause of action.  On November 6, 2013, Plaintiff amended her Complaint while it was pending in state court.  (Am. Compl., Doc. 1-1, p. 33). Plaintiff's Amended Complaint, however, suffered from the same infirmities as her initial Complaint.  Plaintiff's Amended Complaint again mostly consisted of legal conclusions, included few factual allegations, was disorganized and rambling, did not set forth the causes of action in counts, and for the most part, merely strung together various statutes and legal theories without explaining how they were applicable to any of the Defendants' actions.

While Plaintiff's lawsuit was pending in the Superior Court of Fulton County, Plaintiff filed her Second Amended Complaint on November 18, 2013.  (Doc. 4, p. 5). The Second Amended Complaint was no better pled than her first two Complaints.  Like the First Amended Complaint, the Second Amended Complaint is often unintelligible, mostly consists of legal conclusions, includes few factual allegations, is disorganized

and rambling, does not set forth the causes of action in separate counts, and also mostly strings together various statutes and legal theories without explaining how they were applicable to any of the Defendants' actions. Like the First Amended Complaint, Plaintiff's Second Amended Complaint also includes claims that Defendants violated the FDCPA, TILA, and RESPA. (Second Am. Compl. ¶¶ 24, 26-28, 33-37, 66-68).

Defendants McCalla Raymer and Wells Fargo have both moved to dismiss Plaintiff's Second Amended Complaint on the grounds that it is an impermissible shotgun pleading, that it fails to satisfy the pleading standards of this Court, and fails to state a claim. This Court finds that Plaintiff's Second Amended Complaint is an inadequately pled shotgun pleading and should be dismissed.

## A.   Plaintiff's Complaint is Inadequately Pled

Plaintiff's lawsuit is inadequately pled and as a result, fails to state a claim. Dismissal for failure to state a claim is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford Cnty., 960 F.2d 1002, 1009-10 (11th Cir. 1992). Additionally, a complaint must contain specific factual matter, accepted as true, to state a claim for relief that is plausible on its face and to suggest the required elements of the claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Watts v. Florida Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the

11

complaint are true (even if doubtful in fact)." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citing <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 n.1 (2002)). Thus, a complaint, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555.

In this case, Plaintiff's Second Amended Complaint asserts claims for wrongful foreclosure, fraud, theft, criminal trespass, misrepresentation, predatory lending, harassment, breach of the implied covenant of good faith and fair dealing, as well as violations of the Georgia Fair Lending Act, FDCPA, TILA, and RESPA. Plaintiff's Complaint, however, is almost entirely devoid of specific factual allegations and is replete with legal conclusions. The conclusory factual allegations within the Complaint do not provide enough information to raise a right to relief beyond the speculative level or suggest the required elements of their claims. Likewise, Plaintiff's fraud claims are required to be pled with particularity, but they do not meet minimal pleading standards. Fed. R. Civ. P. 9; <u>Thomas v. Pentagon Fed. Credit Union</u>, 393 F. App'x 635, 638 (11th Cir. 2010) (holding that plaintiff who pled that defendant fraudulently changed the terms of her promissory note failed to adequately plead fraud claim because he did not identify specific statements made by the defendants); <u>Am. Dental Ass'n v. Cigna Corp.</u>, 605 F.3d 1283, 1291-92 (11th Cir. 2010) (pointing out that all averments of fraud must be stated with particularity and include (1) the precise statements, documents, or misrepresentations made, (2) the time, place, and person responsible for the statement, (3) the content and manner in which these statements misled the plaintiff, and (4) what

12

the defendants gained by the alleged fraud); <u>Serefex Corp. v. Hickman Holdings, LP</u>, 695 F. Supp. 2d 1331, 1342 (M.D. Fla. 2010) (dismissing fraud claim because plaintiff failed to plead the "who, what, when, where, and how" of the fraud). Thus, even taking Plaintiff's pro se status into account, Plaintiff's Complaint lacks any legal or factual foundation and fails to state a claim.

### B.     **<u>Plaintiff's Complaint is a Shotgun Pleading</u>**

Plaintiff's Complaint is also a classic shotgun pleading. A shotgun pleading is defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." <u>Beckwith v. Bellsouth Telecomms., Inc.</u>, 146 F. App'x 368, 371 (11th Cir. 2005). Describing the nature of a shotgun pleading, the United States Court of Appeals for the Eleventh Circuit has noted that "[t]he typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002); <u>see also</u> <u>Ferrell v. Durbin</u>, 311 F. App'x 253, 259 (11th Cir. 2009). Shotgun pleadings also are often characterized by factually unsupported claims and frequently fail to specify which defendant is responsible for each act alleged. <u>Beckwith</u>, 146 F. App'x at 372 ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a shotgun pleading"). With a shotgun pleading it is virtually impossible to know which allegations of fact are intended to support which

AO 72A
(Rev.8/82)

claims for relief.  Beckwith, 146 F. App'x at 372; Anderson v. Dist. Bd. of Trs. of Cent.

Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).  As a result, the district court, faced

with a crowded docket and "whose time is constrained by the press of other business,

is unable to squeeze the case down to its essentials." PVC Windoors, Inc. v. Babbitbay

Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010).  Thus, shotgun pleadings

impede the orderly, efficient, and economic disposition of disputes as well as the Court's

overall ability to administer justice.  See Byrne v. Nezhat, 261 F.3d 1075, 1128-31 (11th

Cir. 2001), abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d

1146 (11th Cir. 2011); Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165

(11th Cir. 1997).  Consequently, the Eleventh Circuit has specifically instructed district

courts to prohibit shotgun pleadings as fatally defective.  B.L.E. ex rel. Jefferson v.

Georgia, 335 F. App'x  962, 963 (11th Cir. 2009).  To allow such a pleading would

place an unjustifiable burden on the Court to take on the virtually impossible task of

"ascertain[ing] what factual allegations correspond with each claim and which claim is

directed at which defendant." Beckwith, 146 F. App'x at 373.  The Eleventh Circuit,

however, does not require the district court, or the defendants, to "sift through the facts

presented and decide for [itself] which were material to the particular cause of action

asserted." Strategic Income Fund, 305 F.3d at 1296 n.9.  Although courts liberally

construe pro se pleadings, the litigant is still required to conform to procedural rules,

and this Court is not required rewrite a deficient pleading.  See GJR Invs., Inc. v. Cnty.

of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), recognizing overruling on

other grounds, <u>Randall v. Scott</u>, 610 F.3d 701 (11th Cir. 2010).

Ordinarily, the proper course of action for a court faced with a shotgun pleading is to require the plaintiff to re-cast her complaint with the requisite specificity, either on request for repleader by the defendant or, if the defendant fails to make such a request, sua sponte. <u>Davis v. Coca-Cola Bottling Co. Consol.</u>, 516 F.3d 955, 983-84 (11th Cir. 2008). Under sufficiently extreme circumstances, such as the existence of willful noncompliance or bad faith, district courts may dismiss shotgun complaints with prejudice and impose additional sanctions. <u>See</u> <u>Byrne</u>, 261 F.3d at 1131-34 (affirming dismissal with prejudice of shotgun complaint and imposition of monetary sanctions).

In this case, Plaintiff's Second Amended Complaint is a shotgun pleading. Plaintiff does not delineate her causes of action into separate counts and the few factual allegations Plaintiff has pled are interspersed throughout the Second Amended Complaint.  As a result, the Court and the Defendants are left to guess which factual allegations, to the extent they are pled, support which causes of action.  Additionally, Plaintiff often refers to "Defendant" or "Defendants" without identifying the Defendant(s) to whom she is referring.  Because the Plaintiff has not pled a factual predicate for her claims, it is difficult for the Court to ascertain the responsible Defendant(s).  Moreover, Plaintiff's Second Amended Complaint includes lengthy discussion of various statutes and legal theories without explaining how such theories or statutes are applicable to any of the Defendants' actions.

In addition, Plaintiff's Complaint runs afoul of Rule 10(b) of the Federal Rules

15

of Civil Procedure which requires that each claim founded on a separate transaction or occurrence must be stated in a separate count or defense if doing so would promote clarity. See, e.g., Davis, 516 F.3d at 983-84 (explaining that where the complaint failed to comply with Rule 10(b), the court, acting sua sponte, should have struck the plaintiff's complaint and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement); Anderson, 77 F.3d at 366-67.   Instead, Plaintiff's Complaint consists of rambling paragraphs, which often include multiple and amorphous legal theories. Because Plaintiff's Complaint is inadequately and improperly pled, Defendants' Motions to Dismiss should be **GRANTED**. (Docs. 5, 7); See, e.g., Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); Ward v. JP Morgan Chase Bank, No. 13-61554-CIV, 2013 WL 5676478, at *1 (S.D. Fla. Oct. 18, 2013) (dismissing shotgun pleading and providing plaintiff leave to replead); Calvin v. Michelin N. Am., Inc., No. 7:13-CV-0824-SLB, 2013 WL 4521975, at *5 (N.D. Ala. Aug. 26, 2013) (striking pleading which did not comply with Rule 10(b) and giving the plaintiff leave to re-file pleading conforming with Rule 10(b)).

　　　　Plaintiff, who is proceeding pro se, however, should be given one opportunity to amend her Complaint to cure its deficiencies.[2]  Plaintiff must amend her Complaint

---

[2]   The Court must allow a pro se plaintiff the opportunity to amend her complaint at least once before dismissing the action with prejudice if a more carefully drafted Complaint could state a claim. See Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002) (en banc) (not addressing pro se plaintiffs)). While this Court is skeptical as to whether Plaintiff could draft an amended complaint which could state a claim, because Plaintiff's Second Amended Complaint is so poorly

16

within fourteen (14) days after the date of this Court's Order and Report and Recommendation. The Amended Complaint must (1) address the shortcomings noted herein; (2) comply with the pleading requirements of Rules 8, 9, and 10 of the Federal Rules of Civil Procedure; (3) include a factual background section setting forth specific, non-conclusory factual allegations which directly pertain to her case, are not legal conclusions, and suggest support for the required elements of her claims and each of Plaintiff's factual allegations within the background section must be set forth in numbered paragraphs whereby each numbered paragraph consists of a single set of circumstances; (4) identify each of her causes of action based on separate transactions or occurrences in separate counts of the Complaint, each with its own heading identifying it as a count; (5) identify by reference which specific factual allegations and acts by each Defendant support each cause of action against the Defendant within each count of Plaintiff's Complaint; (6) Specifically identify each Defendant against whom a cause of action is brought and the basis for liability against each Defendant within the counts of the Complaint; and (7) omit all generalized discussions of the mortgage industry, immaterial allegations, and discussion of cases or factual scenarios other than the facts specific to Plaintiff's own loan, security deed, and nonjudicial foreclosure. Plaintiff is further directed to avoid including lengthy legal argument within her counts and to simply describe the cause of action within her counts. To the extent that Plaintiff

---

drafted and entirely omits Plaintiff's factual circumstances, this Court cannot conclude at this time that Plaintiff cannot draft a complaint which could state a claim.

AO 72A
(Rev.8/82)

relies on statutory authority in support of her claim, she may reference the statute within the count.  Plaintiff must omit lengthy discussions of case law and arguments in defense to arguments she perceives Defendants will raise against her.  Plaintiff should also refrain from including lengthy recitation of events in other court proceedings unless directly relevant to a claim Plaintiff is including in her Amended Complaint.  Once Plaintiff conforms her Complaint as directed above and removes the extensive legal discussions and extraneous facts from her Complaint, Plaintiff's Complaint would require much fewer pages to convey her theories than the 122-page Third Amended Complaint Plaintiff submitted on February 11, 2014.  (Doc. 29).  Therefore, Plaintiff's Amended Complaint shall not exceed thirty (30) pages.  Additionally, based on this Court's review of Plaintiff's Second Amended Complaint and the issues Plaintiff may be attempting to plead, Plaintiff's Second Amended Complaint appears to be frivolous.  Plaintiff is urged to omit frivolous claims from her repleaded Complaint so as to avoid sanctions under Rule 11 of the Federal Rules of Civil Procedure.  **Plaintiff's failure to conform her Complaint in the manner directed will result in this Court's recommendation that Plaintiff's case be dismissed with prejudice.**

## DEFENDANT MCCALLA RAYMER'S MOTION TO STAY DISCOVERY AND PRE-TRIAL DEADLINES

In McCalla Raymer's Motion to Stay Discovery and Pre-Trial Deadlines (Doc. 9), McCalla Raymer contends that this Court should stay the start of the discovery period as well as the deadlines for the Rule 26(f) Early Planning Conference, the Joint

18

Preliminary Report and Discovery Plan, as well as Initial Disclosures until the District Court adjudicates Defendants' pending Motion to Dismiss.  For good cause shown, McCalla Raymer's Motion is **GRANTED**.  (Doc. 9).  The Rule 26(f) Early Planning Conference, the Joint Preliminary Report and Discovery Plan, and Initial Disclosures are not due until thirty days after the District Court enters an order adjudicating Defendants' Motions to Dismiss.  The discovery period shall not begin until thirty days after the first Defendant answers Plaintiff's Complaint.

<u>**PLAINTIFF'S MOTION FOR RECONSIDERATION ON ORDER TO DENY CAUSE HEARING FOR PLAINTIFF'S MOTION FOR INJUNCTION AND RENEWED MOTION FOR EMERGENCY INJUNCTION**</u>

On November 6, 2013, Plaintiff filed a Motion for Injunction and Show Cause Hearing while the matter was pending in state court.  (Doc. 1-1, pp. 50-59).  Therein, Plaintiff seeks to enjoin the foreclosure sale of her property that was to take place on November 5, 2013.  (Doc. 1-1, p. 8).  The district court denied Plaintiff's Motion for Injunction and Show Cause Hearing because Plaintiff's motion was filed the day after the foreclosure sale occurred and was therefore moot.  (Doc. 6).  Plaintiff filed her Motion for Reconsideration on Order to Deny Cause Hearing for Plaintiff's Motion for Injunction on January 7, 2014.  (Doc. 11).  Though Plaintiff labeled her Motion as a Motion for Reconsideration, Plaintiff actually seeks different relief.  This time Plaintiff seeks an injunction to prevent Wells Fargo from entering her property, damaging it, and filing "adverse state court actions."  Plaintiff also filed a Renewed Motion for Emergency Injunction on March 27, 2014, which was prompted because Plaintiff

19

received a Final Notice of Scheduled Eviction on March 21, 2014.  (Doc. 41).  Plaintiff did not present any additional grounds supporting her claim for injunctive relief.

A movant must establish the following four factors before a court will grant a party's motion for a temporary restraining order or a preliminary injunction: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if the relief is not granted; (3) the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) entry of relief would serve the public interest.  See KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (11th Cir. 2006); Schiavo v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005); American Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998).  The issuance of a preliminary injunction is an extraordinary remedy that should not be granted unless the movant clearly carries the burden of persuasion as to the four elements.  Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990).

In this case, this Court cannot conclude that Plaintiff has a substantial likelihood of success on the merits.  Plaintiff actually pleads her Motion for Reconsideration on Order to Deny Cause Hearing for Plaintiff's Motion for Injunction in the same manner as her Second Amended Complaint and neither filing establishes Plaintiff's entitlement to injunctive relief.  Plaintiff's Motion fails to present any cogent legal theory to exclude Wells Fargo from the property or to prevent them from filing any actions in state court. Plaintiff's Motion merely lists in shotgun fashion a series of unintelligible legal theories,

20

unsupported by statutory or case law, without providing substantive factual allegations which would support such claims for relief.   These shotgun allegations make it impossible for the Court to precisely and efficiently identify and analyze the issues Plaintiff presents and is fatal to Plaintiff's showing of substantial likelihood of success on the merits.   Cataldi v. New York Cmty. Bank, No. 1:13-CV-3972-RWS-JSA, 2014 WL 359954, at *2 (N.D. Ga. Feb. 3, 2014); Jorgenson v. Fed. Home Loan Mortg. Corp., No. 2:12-CV-00236-RWS, 2013 WL 3802498, at *2-3 (N.D. Ga. July 19, 2013) (concluding that because plaintiff's complaint did nothing more than recite statutory language and assert bare legal conclusions, plaintiff failed to demonstrate a substantial likelihood of success on the merits); Cameron v. Siddiq, No. 2:07-CV-684-WKW, 2007 WL 2746642, *2 (M.D. Ala. Sep. 18, 2007) (holding that petitioner's mere conclusions of law and unsupported factual allegations were not sufficient to justify preliminary restraining order); Smith v. Polk County, No. 8:05-CV-873-T-30MSS, 2005 WL 1276374, at *1 (M.D. Fla. May 26, 2005); In re Angram Business Servs., 250 B. R. 144, 146 (S.D. Fla. 2000) ("Without factual support to substantiate Debtor's conclusory statements, there are insufficient grounds to issue a preliminary injunction").   Because Plaintiff has not demonstrated that she can establish a substantial likelihood of success on the merits, this Court **RECOMMENDS** that Plaintiff's Motion for Reconsideration on Order to Deny Cause Hearing for Plaintiff's Motion for Injunction be **DENIED**. (Doc. 11).   Additionally, for the same reason, Plaintiff's Renewed Motion for Emergency Injunction should also be **DENIED**.  (Doc. 41).

21

## PLAINTIFF'S MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING

In Plaintiff's Motion for Permission for Electronic Case Filing and Renewed Motion for Permission for Electronic Case Filing, Plaintiff seeks permission to participate in e-filing on the grounds that she has not received paper copies of the Defendants' filings in this matter.  (Doc. 15).  Plaintiff also submitted her Renewed Motion for Permission for Electronic Case Filing on March 27, 2014. (Doc. 41). Standing Order No. 04-01 of this Court provides, "[p]ro se litigants who are not attorneys in good standing admitted to the Bar of this Court must file all documents with the Court in paper form."  See Standing Order No. 04-01 In Re: Electronic Case Filing and Administrative Procedures (N.D. Ga. June 1, 2004).  Plaintiff has not alleged that she is an attorney in good standing admitted to the bar of this Court.  Accordingly, Plaintiff's Motions are **DENIED**.  (Docs. 15, 41).

## PLAINTIFF'S MOTION TO CONSOLIDATE RELATED CASES

Plaintiff, pursuant to Rule 42 of the Federal Rules of Civil Procedure, seeks to consolidate this case with the dispossessory action against her, which is pending in the Magistrate Court of Fulton County.  (Doc. 16).  Rule 42 allows for consolidation of actions before the Court.  Fed. R. Civ. P. 42.  It does not provide a basis for consolidating an action pending before a state court with an action filed in this Court. Oregon Egg Producers v. Andrew, 458 F.2d 382, 383 (9th Cir. 1972) (holding that Rule

42 consolidation only applies to cases that are properly before the district court); Cuomo v. Long Island Lighting Co., 589 F. Supp. 1387, 1397 (D.C.N.Y. 1984).  Accordingly, Plaintiff's Motion to Consolidate Related Cases is **DENIED**.  (Doc. 16).

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In Plaintiff's Motion for Summary Judgment, Plaintiff responds in opposition to Defendants' Motions to Dismiss.   Plaintiff also requests that summary judgment be granted against McCalla Raymer and that she be granted damages.  As noted above, however, Plaintiff's Second Amended Complaint in its present form fails to state a claim.  Moreover, Plaintiff fails to meet her burden of informing the Court as to the basis of her Motion or comply with the requirements of the Court's Local Rules for filing summary judgment motions.  Plaintiff has not filed a statement of undisputed material facts with her motion as required by the local rules, and the factual allegations within her motion are not supported by citation to evidence.  As a result, Plaintiff, who has the burden of proof at trial on each of her claims, has not met her initial burden of demonstrating that she can affirmatively establish each of the essential elements of her claim.  Accordingly, Plaintiff's Motion for Summary Judgment should be **DENIED**. (Doc. 25).

## PLAINTIFF'S MOTIONS TO AMEND COMPLAINT AND DEFENDANTS' MOTIONS TO STRIKE PLAINTIFF'S AMENDED

On January 8, 2014, Plaintiff filed her Motion for Leave to File Amended Complaint and Answer.  (Doc. 12).  Therein, Plaintiff requested that she be permitted

23

to amend her Complaint within sixty days to better comply with the federal rules, describe the issues in the action in further detail, and to add claims after further study of federal law.  (Doc. 12, pp. 3-4).  Plaintiff did not append a proposed amended complaint to her Motion.  On February 11, 2014, Plaintiff filed a 122-page Amended Complaint without leave of the Court.  (Doc. 29).  On March 27, 2014, in Plaintiff's Renewed Motion for Permission to File Supplemental Pleadings, Plaintiff also requests that the Court allow her to add a claim for abuse of process to her Complaint.  (Doc. 41).

Filing a motion is the proper method to request leave to amend a complaint.  Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999).  Federal Rule of Civil Procedure 7(b)(1) provides that "[a]n application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."  Long, 181 F.3d at 1279-80.  A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment.  Id.  Because Plaintiff neither attached a proposed amended complaint nor set forth the substance of the proposed amendment within her Motions requesting leave to amend, Plaintiff's Motion for Leave to File Amended Complaint and her Renewed Motion for Permission to File Supplemental Pleadings are **DENIED**.  (Doc. 12, 41); See Gibbs v. United States, 517 F. App'x 664, 669-70 (11th Cir. 2013); Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008).  Nevertheless, as noted above, the Court is already granting the Plaintiff one opportunity to amend her complaint to conform to the federal rules and this

24

Court's instructions.

Wells Fargo and McCalla Raymer move to strike Plaintiff's 122-page Third Amended Complaint (Doc. 29) on the grounds that it was filed without leave of the Court, is futile, is a shotgun complaint that fails to comply with Rule 8 or Rule 10 of the Federal Rules of Civil Procedure, fails to identify which claims are asserted against each Defendant, asserts claims against absent defendants, and contains lengthy and irrelevant personal narrative.  (Docs. 31, 34).  This Court agrees with Defendants that Plaintiff's Third Amended Complaint was filed without leave of the Court and is an inadequately pled, shotgun pleading.  As Wells Fargo points out, the Third Amended Complaint, at 122 pages, is neither a short nor plain statement of the claim.  Additionally, Plaintiff's Third Amended Complaint suffers from the same infirmities as prior iterations of Plaintiff's Complaint.  Like Plaintiff's Second Amended Complaint, Plaintiff's Third Amended Complaint does not delineate Plaintiff's causes of action into separate counts and the relatively few specific factual allegations Plaintiff has pled are interspersed throughout the Third Amended Complaint.  As a result, the Court and the Defendants are left to guess which factual allegations, to the extent they are pled, support which causes of action.  Moreover, Plaintiff often refers to "Defendant" or "Defendants" without identifying the Defendant(s) to whom she is referring.  Moreover, Plaintiff's Third Amended Complaint is comprised of hundreds of paragraphs which consist of incoherent discussion of various statutes and legal theories often without articulating how such theories or statutes are applicable to any of the Defendants' actions.  When

25

Plaintiff has endeavored to explain how the statute is applicable to Defendant's actions, Plaintiff rarely references any specific facts in support of her claim and instead solely relies on legal conclusions.  Accordingly, McCalla Raymer and Wells Fargo's Motions to Strike are **GRANTED**.  (Docs. 31, 34).

### WELLS FARGO'S MOTION TO STRIKE PLAINTIFF'S ANSWER TO DEFENDANT WELLS FARGO'S REPLY IN SUPPORT OF ITS RULE 12 MOTION TO DISMISS OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

In Wells Fargo's Motion to Strike Plaintiff's Sur-Reply (Doc. 37), Wells Fargo argues the Court should strike Plaintiff's Sur-Reply (Doc. 32) in opposition to Defendants' Motions to Dismiss.  Defendant argues Plaintiff filed her Sur-Reply without leave of the Court and without providing explanation as to why she should be granted leave to file a sur-reply.

This Court agrees that Plaintiff's Sur-Reply should not be permitted under these circumstances.  Local Rule 7.1 gives non-movants the opportunity to file *one* response in opposition to motions.  LR 7.1B, NDGa.  The Court cannot allow such sur-replies as a regular practice because to do so "would put the court in the position of refereeing an endless volley of briefs."  Garrison v. NE Ga. Med. Ctr., 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999), aff'd, 211 F.3d 130 (11th Cir. 2000).  Plaintiff has not presented any reasonable justification for her Sur-Reply.  Accordingly, Defendant Wells Fargo's Motion is **GRANTED** (Doc. 37) and Plaintiff's sur-reply (Doc. 32) is **STRICKEN**.

26

## PLAINTIFF'S NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT IN A DISPOSSESSORY ACTION AND DEED UNDER POWER SALE

In Plaintiff's Notice of Motion and Motion to Vacate Judgment in a Dispossessory Action and Deed Under Power Sale (Doc. 44), Plaintiff requests that this Court vacate the final judgment in the dispossessory action filed against her in the Magistrate Court of Fulton County.  Plaintiff contends that the judgment should be vacated because the Magistrate Court issued a default judgment in error and the judgment was procured due to Defendants' alleged fraud.  Plaintiff further argues the Court should reverse the foreclosure sale which took place in January 2014.  Because this Court has already recommended dismissal of Plaintiff's Complaint, Plaintiff's Motion to Vacate Judgment in a Dispossessory Action and Deed Under Power Sale should be **DEEMED MOOT**.  (Doc. 44).

## PLAINTIFF'S MOTION FOR SANCTIONS

In Plaintiff's Motion for Sanctions (Doc. 45), Plaintiff argues Defendant McCalla Raymer should be sanctioned because McCalla Raymer did not serve her with a copy of its Motion to Dismiss until she received it on January 10, 2014.  Plaintiff argues that as a result, her response on January 24, 2014,was untimely and the motion was submitted to the Court as unopposed.  Defendant McCalla Raymer avers, however, that it both filed and served its Motion to Dismiss Plaintiff's Second Amended Complaint on Plaintiff via United States Mail on December 27, 2013.  (Def.'s Br. 3, Doc. 48; Doc. 5).

27

This Court is not persuaded by Plaintiff's theory that McCalla Raymer did not serve her with the Motion to Dismiss until January 10, 2014.  Service was complete upon the mailing of the motion on December 27, 2013.  <u>Callahan v. Schultz</u>, 783 F.2d 1543, 1546 (11th Cir. 1986); Fed. R. Civ. P. 5(b)(c).  The date of receipt was irrelevant. <u>Callahan</u>, 783 F.2d at 1546.  Moreover, Plaintiff was not harmed by her alleged late receipt of McCalla Raymer's Motion to Dismiss because this Court has reviewed each of Plaintiff's briefs in opposition to the Defendants' Motions to Dismiss filed on January 24, 2014, regardless of when they were filed.  Accordingly, this Court finds that sanctions are not appropriate here.  Accordingly, Plaintiff's Motion for Sanctions is **DENIED**.  (Doc. 45).

## PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF MICHAEL DOLAN

In Plaintiff's Motion to Strike the Declaration of Michael Dolan (Doc. 50), Plaintiff argues the Declaration of Michael Dolan submitted by Defendants in connection with  Defendants' Petition for Removal should be stricken because it was untruthful.  In support, Plaintiff presents a host of arguments based on her theories of the case about why the facts within Dolan's Declaration are false.  Plaintiff's theories of the case, however, are just theories at this point.  Plaintiff's legal theories of the case do not demonstrate that  Dolan's Declaration was false or that it should not have been considered in connection with Defendants' Petition for Removal.

Plaintiff also challenges the Declaration on the grounds that Dolan did not have

28

personal knowledge of the facts within his Declaration.  Dolan's averments, however, are based on his familiarity with Wells Fargo's business records in the performance of his duties and evince his understanding based on the business records pertinent to his statements within his Declaration.  Affiants can possess personal knowledge based on their review of business records and files.  See, e.g., Colonial Pac. Leasing Corp. v. N & N Partners, LLC, 981 F. Supp. 2d 1345, 1355 (N.D. Ga. 2013); Duke v. Nationstar Mortg., L.L.C., 893 F. Supp. 2d 1238, 1244 (N.D. Ala. 2012) (collecting cases); Fed. R. Evid. 803(6).  Accordingly, Plaintiff's Motion to Strike the Declaration of Michael Dolan is **DENIED**.  (Doc. 50).

## <u>PLAINTIFF'S MOTION TO STRIKE DEFENDANT WELLS FARGO'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT</u>

Plaintiff contends in her Motion to Strike Defendant Wells Fargo's Rule 12 Motion to Dismiss or in the Alternative Motion for a More Definite Statement (Doc. 51) that Wells Fargo's Motion for Definite Statement should be stricken because she was not served with a copy and has never seen the contents of the Motion.  As Wells Fargo has explained, however, the Motion for More Definite State was included within Wells Fargo's Motion to Dismiss.  As Plaintiff has responded to Wells Fargo's Motion to Dismiss, it is clear that she received a copy of the Motion to Dismiss which included the Motion for More Definite Statement.

Plaintiff further argues Wells Fargo's Motion for More Definite Statement could not be combined with the Motion to Dismiss because it must be made before filing a

responsive pleading.  Additionally, Plaintiff asserts that because Wells Fargo filed matters outside the pleadings in connection with the Motion to Dismiss, the Motion to Dismiss was converted into a Motion for Summary Judgment and Plaintiff was not informed of the conversion and given a reasonable opportunity to respond.  Plaintiff's arguments in this regard amount to an untimely sur-reply to Wells Fargo's Motion to Dismiss.  Plaintiff has not received leave of the Court to file a sur-reply and has not presented a valid justification for doing so.  Moreover, because this Court has already concluded that Plaintiff's Complaint is an inadequately pled, shotgun pleading, this Court did not reach the merits of the claims in Plaintiff's Second Amended Complaint. Thus, to the extent that it could be argued that conversion was required, this Court did not do so.  Accordingly, Plaintiff's Motion to Strike is **DENIED**.  (Doc. 51).

## PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL PLEADINGS

In Plaintiff's Motion to File Supplemental Pleadings (Doc. 52), Plaintiff again seeks to file a Sur-Reply to Wells Fargo's Motion to Dismiss.  Plaintiff again argues that because Wells Fargo submitted matters outside the pleadings in connection with its Motion to Dismiss, Wells Fargo's Motion to Dismiss was required to be converted to a motion for summary judgment and that she should be given an opportunity to respond and present evidence in support of her arguments.  As noted above, however, because this Court has already concluded that Plaintiff's Complaint is an inadequately pled, shotgun pleading, this Court did not reach the merits of the claims in Plaintiff's Second Amended Complaint.  Thus, to the extent that it could be argued that conversion to

30

summary judgment was required, this Court did not do so.   Furthermore, as explained above, Plaintiff has not presented adequate justification for filing an untimely sur-reply. Accordingly, Plaintiff's Motion to File Supplemental Pleadings is **DENIED**. (Doc. 52).

### PLAINTIFF'S MOTION TO CORRECT CLERICAL MISTAKES

In Plaintiff's Motion to Correct Clerical Mistakes (Doc. 56), Plaintiff seeks to correct misspellings and other mistakes she made in various filings before the Court. Plaintiff's Motion is **GRANTED**.  (Doc. 56).

### PLAINTIFF'S MOTION TO AMEND CAUSE OF ACTION AND ATTACH SUPPLEMENTAL PLEADINGS

In Plaintiff's Motion to Amend Cause of Action and Attach Supplemental Pleadings (Doc. 62), Plaintiff again requests an opportunity to amend her Complaint in order to add nine causes of action and thirty-eight pages to her Third Amended Complaint.  This Court has already given Plaintiff leave to amend her Complaint in accordance with the Court's instructions above.  Plaintiff's 122-page Third Amended Complaint combined with the additions Plaintiff proposes (Doc. 62-1) do not comport with the Court's instructions.  Accordingly, Plaintiff's Motion to Amend Cause of Action and Attach Supplemental Pleadings is **DENIED**.  (Doc. 62).

### WELLS FARGO'S MOTION FOR PROTECTIVE ORDER

In Wells Fargo's Motion for Protective Order, in which McCalla Raymer has joined, Wells Fargo requests that the Court enter an Order requiring Plaintiff to seek and obtain leave of the Court before filing any motions.  In addition, Defendants request that

the Court stay all deadlines to respond to such motions until the Court rules on Defendants' pending Motions to Dismiss.  In support, Defendants argue Plaintiff's actions in this case confirm that without a protective order, Plaintiff will continue to file frivolous, redundant, and procedurally improper motions which will drain the Court's and the Parties' time and resources.

The Eleventh Circuit has stated that "a district court has inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases."  Equity Lifestyle Props. v. Fla. Mowing & Landscape Serv., 556 F.3d 1232, 1240 (11th Cir. 2009); Young v. City of Palm Bay, 358 F.3d 859, 864 (11th Cir. 2004) ("In the courts, there is room for only so much lenity.  The district court must consider the equities not only to plaintiff and his counsel, but also to the opposing parties and counsel, as well as to the public, including those persons affected by the court's increasingly crowded docket.").  To that end, the Court has the inherent authority to limit abusive filings.  In re McDonald, 489 U.S. 180, 184-85 (1989) (noting that "every paper filed with the Clerk of this Court, no matter how repetitious or frivolous requires some portion of the institution's limited resources," that a "part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interest of justice," and that "[t]he continual processing of petitioner's frivolous requests for extraordinary writs does not promote that end"); Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir. 1986) (holding that a Court has considerable discretion to enjoin recalcitrant litigants from repeat frivolous lawsuit filings as long as litigant is not

32

completely foreclosed from any access to the court).   Indeed, this Court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others.   Procup, 792 F.2d at 1074.

The exercise of the Court's inherent authority to limit Plaintiff's filings is appropriate here.   In this case, Plaintiff has filed nearly seventeen frivolous and/or procedurally improper motions since the inception of her case a little over six months ago.   Many of Plaintiff's motions and accompanying briefs have exceeded the page limitations set forth by the Local Rules of this Court, have included irrelevant, redundant, incoherent, disorganized, and lengthy facts and argument which often rehash issues raised in prior motions.   (See, e.g., Docs. 25, 44, 50, 52, 62).   In addition, the manner in which Plaintiff has pled her multiple, lengthy complaints and motions demonstrates that Plaintiff's efforts in this regard are not due to the notion that she is an unknowledgeable pro se litigant, but rather that she is abusing the process and in turn, is gobbling up the Court's scarce resources and driving up the costs for the Defendants to defend their case.   Indeed, Plaintiff's Third Amended Complaint itself was 122 pages and she recently requested that the Court allow her to amend the Complaint to add 9 causes of action and an additional 38 pages.   Accordingly, Defendants' Motion for Protective Order should be **GRANTED**.  (Doc. 54).  Plaintiff should not be permitted to file any more motions with the Court unless she receives prior leave from the Court. Any motions that Plaintiff files without receiving prior authorization from the Court should be stricken and Defendants should have no obligation to respond to them.

AO 72A
(Rev.8/82)

Before obtaining prior leave from the Court to file a motion, however, Plaintiff should be required to submit a copy of the motion and accompanying brief that does not repeat issues raised in prior motions, that is well-organized, that complies with page limitations with in the local rules, that is not frivolous, and does not include lengthy exposition of irrelevant facts.   Because Plaintiff has also filed motions that have included lengthy argument in conjunction with briefs that also contained lengthy argument, possibly to avoid this Court's page limitations, this Court should only accept a motion which only contains a short statement of the grounds for the motion and the relief Plaintiff is requesting.  Fed. R. Civ. P. 7; (See, e.g., Docs. 25, 44, 50).  Plaintiff should be permitted to include any argument in support of the motion within a memorandum of law that complies with the page and type limitations within the local rules.  See LR 7.1D, NDGa.

## CONCLUSION

For the foregoing reasons, the parties' motions are adjudicated as follows:

(1)    This Court **RECOMMENDS** that Defendant McCalla Raymer, LLC's ("McCalla Raymer") Motion to Dismiss be **GRANTED**.  (Doc. 5).

(2)    This Court **RECOMMENDS** that Wells Fargo Home Mortgage's ("Wells Fargo") Rule 12 Motion to Dismiss or in the Alternative for a More Definite Statement be **GRANTED**.  (Doc. 7).

(3)    McCalla Raymer's Motion to Stay Discovery and Pretrial Deadlines is **GRANTED**.  (Doc. 9).

34

(4)     This Court **RECOMMENDS** that Plaintiff Patricia G. Guthrie's ("Plaintiff") Motion for Reconsideration of Removal from State Court and Standing Order 08-01 be **DENIED**.  (Doc. 10).

(5)     This Court **RECOMMENDS** that Plaintiff's Motion for Reconsideration on Order to Deny Cause Hearing for Plaintiff's Motion for Injunction be **DENIED**. (Doc. 11).

(6)     Plaintiff's Motion for Leave to File Amended Complaint and Answer is **DENIED**.  (Doc. 12).

(7)     Plaintiff's Motion for Permission for Electronic Case Filing is **DENIED**.  (Doc. 15).

(8)     Plaintiff's Motion to Consolidate Related Cases is **DENIED**.  (Doc. 16).

(9)     This Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment in Opposition to Defendant McCalla Raymer, LLC's Memorandum of Law in Support of Its Motion to Dismiss be **DENIED**.  (Doc. 25).

(10)    McCalla Raymer and Wells Fargo's Motions to Strike Plaintiff's Third Amended Complaint are **GRANTED**.  (Docs. 31, 34).

(11)    Well's Fargo's Motion to Strike Plaintiff's Answer to Defendant Wells Fargo's Reply in Support of Its Rule 12 Motion to Dismiss or in the Alternative for a More Definite Statement is **GRANTED**.  (Doc. 37).

(12)    This Court **RECOMMENDS** that Plaintiff's Renewed Motion for Emergency Injunction be **DENIED**.  (Doc. 41).  Plaintiff's Renewed Motion for Permission

AO 72A
(Rev.8/82)

for Electronic Case Filing and Motion for Permission to File Supplemental Pleadings are **DENIED**.  (Doc. 41).

(13)   This Court **RECOMMENDS** that Plaintiff's Notice of Motion and Motion to Vacate Judgment in a Dispossessory Action and Deed Under Power Sale be **DENIED**.  (Doc. 44).

(14)   Plaintiff's Motion for Sanctions is **DENIED**.  (Doc. 45).

(15)   Plaintiff's Motion to Strike the Declaration of Michael Dolan is **DENIED**.  (Doc. 50).

(16)   Plaintiff's Motion to Strike Defendant Wells Fargo's Rule 12 Motion to Dismiss or in the Alternative for a More Definite Statement and Motion to Strike any Alleged Added Motion for a More Definite Statement Dated and/or Entered on December 30, 2013, is **DENIED**.  (Doc. 51).

(17)   Plaintiff's Motion to File Supplemental Pleadings is **DENIED**.  (Doc. 52).

(18)   This Court **RECOMMENDS** that Wells Fargo's Motion for Protective Order, in which McCalla Raymer joins, be **GRANTED**.  (Doc. 54).

(19)   Plaintiff's Motion to Correct Clerical Mistakes is **GRANTED**.  (Doc. 56).

(20)   Plaintiff's Motion to Amend Cause of Action and Attach Supplemental Pleadings is **DENIED**.  (Doc. 62).

36

**SO ORDERED AND REPORTED AND RECOMMENDED** this <u>7th</u> day of

July, 2014.

<div style="margin-left: 45%;">

/s/ Linda T. Walker

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

</div>

AO 72A
(Rev.8/82)