IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PATRICIA G. GUTHRIE,      :
                                 :
       Plaintiff,         :
                                 :
v.                           :     CIVIL ACTION NO.
                                 :     1:13-CV-4226-RWS
WELLS FARGO HOME      :
MORTGAGE NA and their  :
attorney, *et al.*         :
                                 :
       Defendants.     :

## ORDER

This case comes before the Court on Plaintiff's Formal Letter to Judge Richard W. Story Regarding Plaintiff's Request for Recusal or in the Alternative Motion to Recuse [87] ("Plaintiff's Motion to Recuse").  After a review of the record, the Court enters the following Order.

### Background

Plaintiff Patricia Guthrie, proceeding *pro se*, initiated this action against Defendants Wells Fargo Home Mortgage, N.A. ("Wells Fargo") and McCalla Raymer, LLC ("McCalla Raymer"), asserting claims arising out of the foreclosure or attempted foreclosure on Plaintiff's property on Lenox Road in

Atlanta, Georgia.  The facts underlying this cause of action are fully set forth in the Magistrate Judge's Final Order and Report and Recommendation (Dkt. [110]) and the Court does not fully recite them here.

Plaintiff now moves to recuse the undersigned from the instant action.[1] Plaintiff contends that the undersigned's "business interests . . . are in direct contention with the Plaintiff 14th amendment right."  (Pl.'s Mot. to Recuse, Dkt. [87] at 2.)   Plaintiff also contends that the Court's prior rulings for defendants in this case and similar cases reflects the Court's bias.  Defendants oppose Plaintiff's Motion to Recuse.

### Discussion

The propriety of recusal in a federal case is governed by two distinct statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455.  Plaintiff identifies both 28 U.S.C. § 144 and 28 U.S.C. § 455 as the statutory bases for her motion,[2] and the Court will accordingly evaluate the propriety of recusal under both provisions.

---

[1]  The Court construes Plaintiff's letter of request as a motion to recuse.  The Court holds *pro se* pleadings to a less stringent standard than pleadings drafted by attorneys and construes them more liberally. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

[2]  While Plaintiff identifies 28 U.S.C. § 455 in the body of her letter, she also cites to 28 U.S.C. § 144 (Dkt. [87-1] ¶ 2) and provides an "Affidavit of Bias" (Dkt. [87-3]).  Accordingly, the Court considers both bases for recusal.

2

**A.    28 U.S.C. § 144**

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Where a litigant submits a sufficient affidavit and certificate, recusal is mandatory; the presiding judge may take no further action in the litigant's case. See United States v. Alabama, 828 F.2d 1532, 1540 (11th Cir. 1987) (holding superseded by statute on other grounds, as recognized by Lussier v. Dugger, 904 F.2d 661, 664 (11th Cir. 1990)).  The statute's requirements, however, are strictly enforced.  See, e.g., United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir.

AO 72A
(Rev.8/82)

1993) ("Because the statute is heavily weighed in favor of recusal, its

requirements are to be strictly construed to prevent abuse.") (internal quotations

omitted).  Moreover, while a court must take as true all of the facts stated in the

affidavit ("even when the court knows these allegations to be false"), see United

States v. Alabama, 828 F.2d at 1540, the statements at issue must be such "that

[they] would convince a reasonable person that bias actually exists."  Christo v.

Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000).  The alleged facts must be

"material and stated with particularity" and "show that the bias is personal, as

opposed to judicial, in nature."  United States v. Alabama, 828 F.2d at 1540.

The presiding judge may determine the issue of recusal under § 144.  Kante v.

Countrywide Home Loans, 430 F. App'x 844, 849 (11th Cir. 2011) ("Section

144 states only that another judge must take over the case if a party's recusal

request is found to be sufficient, not that another judge must determine whether

the recusal request is sufficient.").

 Here, when analyzed under § 144, Plaintiff's challenge proves

unavailing.  First, while Plaintiff submits an Affidavit of Bias [87-3], it is

unaccompanied by a certificate of counsel stating that it is submitted in good

faith.  See 28 U.S.C. § 144 (stating that affidavit *shall* be accompanied by a

4

certificate of counsel of record stating that it is made in good faith") (emphasis

supplied).  In light of the mandatory and automatic nature of recusal under the

statute, its potential for abuse, and the availability of other statutory

mechanisms pursuant to which an unrepresented litigant may seek the recusal of

a federal judge, the absence of such a certificate has proven fatal to even the §

144 motions of *pro se* litigants.  See, e.g., Everson v. Liberty Mut. Assur. Co.,

No. 1:05-CV-2459-RWS, 2008 WL 1766956, at *2 (N.D. Ga. Apr. 14, 2008);

Williams v. New York City Hous. Auth., 287 F. Supp. 2d 247, 249 (S.D.N.Y.

2003); Heimbecker v. 555 Assocs., No. 01-6140, 2003 WL 21652182, at *4

(E.D. Pa. Mar. 26, 2003) (collecting cases); Mills v. City of New Orleans, No.

02-2519, 2002 WL 31478223, at *2 (E.D. La. Nov. 4, 2002); Robinson v.

Gregory, 929 F.Supp. 334, 337 (S.D. Ind. 1996).  Procedural deficiencies alone

compel the denial of Plaintiff's motion under § 144.  See Sykes, 7 F.3d at 1339.

    But even looking beyond these procedural failings, it is plain that any

§ 144 challenge would prove unavailing.  Plaintiff's allegations of personal bias

and prejudice rest predominantly on the undersigned's investment in a TIAA-

CREF pension fund and alleged investments in property.  (See Pl.'s Aff. of

Bias, Dkt. [87-3] ¶¶ 3-7.)  Further, Plaintiff perceives the undersigned's prior

decisions in this case adverse to her and in other foreclosure cases adverse to similarly situated plaintiffs as indicative of a personal animus towards Plaintiff. (See id. ¶ 10; Pl.'s Mem. in Support of Pl.'s Mot. to Recuse, Dkt. [87-2] ¶ 55.)

First, Plaintiff's affidavit suggest that the undersigned's financial interests require his recusal. Section 455 explicitly provides for recusal on the basis of a judge's financial interest. 28 U.S.C. § 455(b)(4). Accordingly, the Court considers Plaintiff's first contention under that provision, *infra* Part B.

Second, the undersigned harbors no personal animus towards Plaintiff, and the Court's prior decisions reflect no more than the undersigned's efforts to fairly and correctly apply the law to the cases before the Court. In any event, even if the Court were to accept these allegations as true, allegations of this sort do not establish the type of bias necessary to sustain a § 144 motion. Plaintiff has appealed some of this court's prior decisions; Plaintiff's appeal is currently pending. Guthrie v. Wells Fargo, N.A., No. 14-13631 (11th Cir. Jan. 29, 2015). Even if the Court's decisions prove flawed, however, it is settled that prior adverse judicial rulings supply no independent basis for recusal. See, e.g., United States v. Merkt, 794 F.2d 950, 960-61 (5th Cir. 1986); see also Giladi v. Strauch, No. 94 Civ. 3976, 1996 WL 18840, at *5 (S.D.N.Y. Jan. 18, 1996)

6

("'[R]epeated rulings against a litigant, no matter how erroneous and how vigorously and consistently expressed, are not a basis for disqualification of a judge on the grounds of bias and prejudice.'") (quoting <u>United States v. IBM Corp.</u>, 475 F. Supp. 1372, 1381 (S.D.N.Y. 1979)).

In sum, Plaintiff's motion to recuse under 28 U.S.C. § 144 is necessarily unavailing.  It is procedurally deficient and fails to articulate cognizable bases for recusal under that statute.

**B.**     **28 U.S.C. § 455**

Plaintiff's motion under 28 U.S.C. § 455 fares no better.  Section 455 requires recusal of a judge in a host of specific circumstances listed in 28 U.S.C. § 455(b), and "in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Although § 455 "liberalize[d] greatly the scope of disqualification in federal courts[,]" <u>Murray v. Scott</u>, 253 F.3d 1308, 1310 (11th Cir. 2001) (quoting <u>United States v. Alabama</u>, 828 F.2d at 1541) and relieves litigants of the strict procedural predicates mandated by § 144, it does not invite recusal whenever it is requested by a party.  Rather, recusal under subsection (a) is appropriate only where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on

AO 72A
(Rev.8/82)

which recusal was sought would entertain significant doubt about the judge's impartiality . . . ."  United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotations omitted).  While any doubts must be resolved in favor of recusal, In re Moody, 755 F.3d 891, 895 (11th Cir. 2014), cert. denied sub nom. Moody v. Thomas, 135 S. Ct. 437 (2014) (quoting Patti, 337 F.3d at 1321), "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."  Id. (quoting United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992)).

Importantly, unlike in the context of 28 U.S.C. § 144, it is the facts, not the movant's allegations, that control the propriety of recusal.  See Patti, 337 F.3d at 1321; see also United States v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999) ("A charge of partiality must be supported by some factual basis, however.   Recusal cannot be based on 'unsupported, irrational or highly tenuous speculation.' ") (quoting In re United States, 666 F.2d 690, 694 (1st Cir. 1981)); Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987) ("Allegations under [§ 455] need not be taken as true.").  The rule is self-enforcing, and motions to recuse under § 455, while they may be referred to a judicial colleague for review, see United States v. Craig, 853 F. Supp. 1413,

8

1414-15 (S.D. Fla. 1994), are typically decided by the presiding judge.  <u>See</u>

<u>McCuin v. Texas Power & Light Co.</u>, 714 F.2d 1255, 1259 (5th Cir. 1983).

Analyzing Plaintiff's § 455 challenge under this standard, it is clear her

Motion must fail.  Plaintiff's allegations of partiality (and the appearance of

partiality) rest on a disclosure contained in the undersigned's 2009 and 2010

Financial Disclosure Reports that the undersigned has an interest in TIAA-

CREF Retirement Fund.  Plaintiff asserts that that fund apparently holds shares

of Wells Fargo Bank stock.  Additionally, and without providing a factual basis

for her assertions, Plaintiff claims that the undersigned has obtained favorable

loan terms from Wells Fargo Bank and others in exchange for favorable rulings

in this and other judicial proceedings.  Pursuant to 28 U.S.C. § 455(b)(4),

Plaintiffs seek the disqualification of the undersigned based on a financial

interest in a party to the proceeding.

While it is true that § 455(b)(4) requires recusal when a judge has a

financial interest in a party to the proceedings, financial interest is further

defined by statute.  "'Financial Interest' means ownership of a legal or equitable

interest, however small, or a relationship as director, adviser, or other active

participant in the affairs of a party, except that: (i) ownership in a mutual or

common investment fund that holds securities is not a 'financial interest' in

such securities unless the judge participates in the management of the fund."  28

U.S.C. § 455(d)(4).  The interest challenged by Plaintiff is an ownership interest

in a mutual or common fund and the undersigned does not participate in the

management of the fund.  Therefore, the investment does not qualify as a

'financial interest' under the recusal statute.  Nor does Plaintiff provide any

facts to support her theory that the undersigned has colluded with Wells Fargo

and other banks; Plaintiff's baseless, speculative, and unsupported allegations

cannot require recusal under § 455(b).

　　　　Further, Plaintiff's motion must also fail under § 455(a) to the extent that

Plaintiff's assertions of partiality (and, presumably, the appearance of partiality)

rest on the contention that the undersigned rendered unfavorable decisions

against Plaintiff in this case and against similarly situated plaintiffs in other

cases.  It is plain that, just as in the context of § 144, such a contention does not

warrant recusal under § 455.  See, e.g., Loranger v. Stierheim, 10 F.3d 776, 780

(11th Cir. 1994) ("[A]s a general rule, a judge's rulings in the same case are not

valid grounds for recusal.") (citing Berger v. United States, 255 U.S. 22, 31

10

(1921)); <u>Hepperle v. Johnston</u>, 590 F.2d 609, 614 (5th Cir. 1979) (prior rulings of court cannot support recusal under § 455).[3]

Simply put, while the Court is mindful of the importance of avoiding even the appearance of bias, the Court concludes that no reasonable observer, fully apprised of the facts, could question its impartiality in the instant action. The undersigned does not have a financial interest that warrants recusal.  Nor are the Court's rulings on earlier motions in this case the product of any sinister intent or personal animus.  Those decisions and the Court's rulings in similar cases necessarily flowed from the merits of those actions and the controlling law, and neither evince nor suggest any extrajudicial bias.  Accordingly, Plaintiff's Motion to Recuse [87] is **DENIED**.

## Conclusion

For the foregoing reasons, Plaintiff's Formal Letter to Judge Richard W. Story Regarding Plaintiff's Request for Recusal or in the Alternative Motion to Recuse [87] is **DENIED**.

---

[3]  The Eleventh Circuit has adopted as binding all decisions of the former Fifth Circuit issued prior to October 1, 1981.  <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

11

**SO ORDERED**, this __26th__ day of March, 2015.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)